MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-mail: ccmoran@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3

| | |
|---|---|
| In Re: | Chapter 11 |
| MARK E. MOON, | Bankruptcy No. 20-30711 |
| | Date: July 30, 2021 |
| | Time: 10:30 A.M. |
| | Place: Telephone/Video |
| Debtor. | |
| _____ | HON. DENNIS MONTALI |

**APPLICATION FOR COMPENSATION
BY ATTORNEY FOR DEBTOR-IN-POSSESSION**

**I**

**INTRODUCTION**

A.    Moran Law Group, Inc. ("applicant") is a corporation, all of whose attorneys are admitted to practice before the federal courts of the Northern District of California. The firm concentrates its practice in bankruptcy and related fields.

B.    This bankruptcy case was initially filed as a Chapter 13 case. On or about September 8, 2020, applicant was employed to prepare and file necessary documents and to advise the debtor on the conduct of his Chapter 13 case. The Chapter 13 case was subsequently converted to a Chapter 11 proceeding. On December 22, 2020 Applicant was employed as counsel in Debtor's Chapter 11 case. Applicant received $3,719.05 as a retainer upon engagement.

C. This application covers the period from billing periods dated September 8, 2020 through approximately July 9, 2021 as set forth in the time summaries attached as Exhibits A through .

D. Applicant has made no promise to share, nor has she shared, any attorneys' fees in this matter with any other person. Applicant, to the best of her knowledge, represents no creditor of the debtor or any interest adverse to the estate of the debtor herein. No promise of payment has been made nor has any payment been made, by any person to applicant on account of the services rendered by her to the estate, except as approved by this court, except for the undertaking of the debtor to make payment from post-petition earnings not property of the estate.

E. The undersigned certifies that she has read this application and to the best of her knowledge, information and belief, it conforms to the Guidelines for Compensation and Expense Reimbursement of Professionals, promulgated by the judges of the Northern District of California and that the compensation and expense reimbursement requested are billed at rates no less favorable than those customarily employed by applicant and generally accepted by her clients.

## II

## PROFESSIONAL SERVICES

The Moran Law Group and its predecessors have served debtors, creditors and trustees since 1980. Its two attorneys have a combined total of 57 years of bankruptcy experience. Cathleen Moran has been a certified specialist in bankruptcy law since 1996. The firm is organized to work as a team on client issues, so that client needs can be addressed promptly and by a professional with experience on the issue and immediate availability. Clients are clients of the firm, not of one attorney or the other.

A. BACKGROUND

This case involves a married man facing a foreclosure by a hard money lender in the course of state court litigation over the bona fides of the loan. The sale was scheduled

within a week of the initial contact between Applicant and Debtor. The Chapter 13 portion of this case ran from September 10, 2020 to November 23, 2020.

B. CHAPTER 13 ANALYSIS & FILING

Debtor elected to file bankruptcy without his spouse, who was jointly liable on the debts. Both spouses are employed pharmacists and they support in whole or in part two college-aged sons.

The case was initially filed as a Chapter 13 since Debtor contended that the balance on the home loan was grossly inflated by charges not provided for by contract or permitted by applicable law. Applicant took a retainer consistent with a Chapter 13 case. Applicant gathered information from the client, a laborious process, and filed an emergency petition and gave notice to all those associated with the foreclosure.

Applicant proceeded to prepare schedules and a plan as well as supplying all the additional documentation requested by the Chapter 13 trustee.

The foreclosing creditor filed a motion to dismiss the case based on §109(e).

Applicant researched the issue and filed an opposition. In mid October the court granted the motion with an opportunity to convert to Chapter 11. A request to convert was filed and noticed, and the conversion order was entered November 23, 2020. By the conversion, fifty two entries appeared on the court's docket. The professional fees incurred in the Chapter 13 Analysis & Filing matter, #68642, amount to $12,400.80, as set out in Exhibit H.

C. ADVERSARY V. MILESTONE

After consultation with debtor's litigation counsel, the pending state court case against the secured lender Milestone Financial was removed from state court to bankruptcy court, becoming adversary number 20-03117. The filing included 57 electronic files. This project appears as Billing number 68679 and is not included in the general chapter 13 work in Exhibit E. This billing matter spans the Chapter 13 and the Chapter 11. Fees of $1,170.75 were incurred before conversion, and $709.00 in fees were

incurred during the Chapter 11 portion of the case. The professional fees incurred in the Adversary matter, #68679, amount to $1,879.75, as set out in Exhibit E.

## D. CLAIMS REVIEW IN CHAPTER 13

A review of filed claims disclosed three proofs of claims for debts that were beyond the statute of limitations; objections to claims were filed and the claims disallowed by default.

Applicant also filed an objection to the claim of Milestone so that the objection to claim could be prosecuted in conjunction with the adversary proceeding dealing with the same issues. The professional fees incurred in the Ch.13- Claims matter, #68645, amount to $2,716.00, as set out in Exhibit I.

## E. CHAPTER 11 GENERAL MATTERS

Upon conversion, Applicant counseled debtor on his role as a debtor in possession and supported him in an incredibly convoluted effort to find an approved bank willing to open a DIP account. Similar bureaucratic hurdles were encountered trying to get an EIN for the estate. Applicant assisted the debtor in assembling the documents requested by the UST for the initial debtor interview and later appeared with him at the first meeting of creditors. Information continued to flow in concerning assets and recent financial history that required amendments to schedules.

Applicant began drafting a plan and appeared at the Chapter 11 status conference. The professional fees incurred in the Chapter 11 matter, #68675, amount to $14,375.25, as set out in Exhibit B.

## F. EMPLOYMENT OF PROFESSIONALS

Applicant prepared and filed applications for appointment of Moran Law Group as bankruptcy counsel and the Law Offices of John P. McDonnell as special litigation counsel. The application for McDonnell's appointment drew an objection from Milestone, necessitating the preparation of an opposition and appearance at a hearing, following which the appointment was approved.

Applicant also sought out tax counsel who could prepare returns for the estate consistent with the estate's standing as a separate taxpaying entity. Upon application, the employment of Arnold Wuhrman was approved. The professional fees incurred in the Employment of Professionals matter, #68681, amount to $2,455.00, as set out in Exhibit G.

G. CLAIMS

During the Chapter 11, Applicant sought and obtained orders disallowing time barred claims, first objected to in the Chapter 13 portion of the case. The professional fees incurred in the Chapter 11 Claims matter, #68676, amount to $897.25, as set out in Exhibit C.

H. MONTHLY OPERATING REPORTS

Throughout the case to date Applicant has worked with the debtor to prepare monthly operating reports. The task has been complicated by debtor's difficulties in opening a DIP account, compounded by a number of pre bankruptcy accounts with period ends that fall in the middle of each month. The professional fees incurred in the Chapter 11 MOR's matter, #68678, amount to $6,109.25, as set out in Exhibit D.

I. MOTION FOR CREDIT

Applicant assisted debtor in obtaining a loan to take out or pay down the disputed lien of Milestone. Debtor was successful in qualifying for a loan and unsuccessful in convincing Milestone to accept the transfer of its lien to loan proceeds to be retained by debtor until resolution of the adversary. The professional fees incurred in the Motion for Credit matter, #68680, amount to $6,112.00, as set out in Exhibit F.

J. EXPENSES INCURRED

During the period covered by this application, applicant incurred the sum of $1,992.87 as actual and necessary expenses more particularly itemized in the expense itemization that constitutes the expense schedule attached as Exhibit K. Applicant has been reimbursed for $1,242.00 of these expenses.

# III
# FURTHER WORK

Applicant's work in the case is ongoing and is expected to result in the filing of a plan of reorganization once the adversary proceeding has been resolved.

# IV
# COST OF PREPARING FEE APPLICATION

The professional fees incurred in the preparation of this application are $1,781.50, which represents 5% of the fees sought, as set out in Exhibit J.

# V
# SUMMARY

In rendering the services described above, applicant expended 259.45 hours. The reasonable compensation for such services is $48,726.80, after allowances for discounted fees. The additional fees requested, after allowance for the initial retainer of $3719.05, is $45,007.75.

WHEREFORE, Applicant requests that her additional fees of $45,007.75 and expenses of $1,992.87 be approved; and that the estate be authorized to pay Applicant $45,007.75, in additional fees, and $750.87, in unreimbursed expenses.

MORAN LAW GROUP, INC.

Date: 07/09/2021            /s/ Cathleen Cooper Moran
                            CATHLEEN COOPER MORAN
                            Attorney for Debtor-in-Possession